## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## Case No. 5:20-cv-00348-BO

| | |
|---|---|
| **DELORES CORBETT and ALVIN CORBETT,**<br><br>  **Plaintiffs,**<br><br>   **v.**<br><br>**HLT EXISTING FRANCHISE HOLDING LLC and PATCO ENTERPRISES OF WILSON, LLC,**<br><br>  **Defendants.** | **SECOND AMENDED COMPLAINT** |

Plaintiffs Delores Corbett and Alvin Corbett ("Plaintiffs" or "the Corbetts"), by counsel, pursuant to Federal Rule of Civil Procedure 15(a)(2), and with the written consent of Defendant Patco Enterprises of Wilson, LLC ("Patco")[1], hereby file their Second Amended Complaint seeking judgment and damages against Defendants Patco and HLT Existing Franchise Holding LLC ("Hilton"), and demanding a jury trial, state as follows:

### JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred within the Eastern District of North Carolina, and Defendants are physically located and doing business within the Eastern District of

---

[1] Although Defendant Patco consents to the Second Amended Complaint under Rule 15, Patco reserves all other rights available to it, including but not limited to the right to move to dismiss the second amended complaint under Rule 12.

North Carolina.

## PARTIES

3.     Plaintiffs Delores Corbett and Alvin Corbett are husband and wife, African-Americans, citizens of the United States, and residents of Eastampton, New Jersey.

4.     Defendant Hilton is a corporation incorporated under the laws of the State of Delaware that maintains its principal office in the Commonwealth of Virginia. Upon information and belief, Hilton is engaged in the ownership, operation, management, and franchising of hotels, including the Hampton by Hilton and/or Hampton Inn & Suites line of franchises. The Hampton Inn & Suites Wilson I-95, located at 5606 Lamm Road, Wilson, North Carolina ("the Hotel"), is a Hilton franchise hotel. At all times relevant, Hilton regularly conducted business in the state of North Carolina.

5.     Upon information and belief, Patco is a limited liability company organized under the laws of the State of North Carolina that maintains its principal place of business in the State of North Carolina. Upon information and belief, Patco owns and operates the Hotel, a hotel that offers accommodations to the public. At all times relevant, Patco was acting as the actual or apparent agent of Hilton.

6.     Hilton and Patco collectively ("Defendants") offer public accommodations at the Hotel. On November 24, 2018, Defendants denied Plaintiffs the use and enjoyment of the benefits, privileges, terms, and conditions that they extend to all other similarly situated guests and invitees. Defendants breached their contract and covenant of good faith and fair dealing with Plaintiffs because of their race, discriminated against them in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## STATEMENT OF FACTS

7.     Alvin Corbett is a master's level engineer and Delores Corbett is a bachelor's level businesswoman.

8.     On November 23, 2018, Plaintiffs, their two teenaged children, and other family members checked in to the Hotel.  Plaintiffs are Hilton Honors members and chose the Hotel over other local options because it was a Hilton hotel.  Hotel signage indicated that the Hotel was a Hilton hotel.

9.     Plaintiffs were in Wilson, North Carolina to celebrate and honor the inclusion of Mr. Corbett's mother into the Oliver Nestus Freeman Round House and African-American Museum for her work as a community organizer.  Plaintiffs planned a multi-day trip as they traveled over the Thanksgiving holiday and specifically chose to stay at only Hilton hotels during their trip.

10.     On the morning of November 24, 2018, Mrs. Corbett went to the front desk to seek clarification and solution of a billing error for her prepaid room.  A female front desk employee loudly stated that the credit card Mrs. Corbett used for her reservation was declined.

11.     Mrs. Corbett sought clarification from the employee explaining that the room was prepaid with credit card points and that the prepaid status was verified when the Corbett family checked into the Hotel.  The employee then loudly repeated "Your credit card was declined!"  Mrs. Corbett asked the employee to stop making the comment to which the employee continued to loudly repeat "Your credit card was declined."

12.     Mrs. Corbett then retrieved information to confirm that her reservation had been prepaid with reward points; however, the employee refused to look at the information so Mrs. Corbett asked to speak to a supervisor.  The employee then shouted "Get off my property" and

3

proceeded to call the police. The employee handled the aforementioned incident pursuant to policy as directed by Hilton.

13.     Because Mrs. Corbett had not done anything that warranted calling the police, Mrs. Corbett was concerned that the employee might fabricate a story to convince the police to come to the Hotel. Mrs. Corbett told the employee that she did not want trouble and reminded the employee that her family was checking out that day. Mrs. Corbett interrupted her husband's breakfast to rush him and their 16-year-old son to their van, as they were deeply concerned for both their safety because of their fear of what police were told and uncertainty as to how law enforcement would respond toward the African-American males of the family. Simultaneously, Mrs. Corbett and her 15-year-old daughter hurriedly removed most of their possessions from their hotel rooms and left the hotel.

14.     When the police arrived, Mrs. Corbett explained that her family had done nothing wrong and that they were scheduled to check out of the hotel that same morning.

15.     The police officers asked if the Corbetts had paid for their rooms and the employee acknowledged that the rooms were paid.

16.     The police then escorted Plaintiffs from the Hotel and advised them to call the Hotel's corporate office.

17.     As Plaintiffs drove away from the Hotel, the police followed closely behind until they arrived at a restaurant parking lot to wait for other family who were still at the Hotel. While waiting, the police circled the Corbetts' vehicle several times, which further elevated the family's fear and anxiety.

18.     "On December 6, 2018, Mrs. Corbett spoke with a Hilton representative over the phone. During the conversation, Mrs. Corbett explained that the November 24, 2018, incident

occurred because her family is African-American. The Hilton representative ignored the severity of Mrs. Corbett's complaint and recommended that Plaintiffs just "move on."

19.     Defendants treated Plaintiffs differently from other guests and invitees in a place of public accommodation because of their race. Defendants denied Plaintiffs the use and enjoyment of the benefits, privileges, terms, and conditions of contract that they extend to other similarly situated guests who are not African-American.

20.     Defendants breached their contract with the Corbetts by interfering with their enjoyment of guest facilities and facilities made available to all other hotel guests, because of their race.

21.     Defendants denied the Corbetts the use and enjoyment of the same accommodations, privileges, and benefits that it grants to other similarly situated hotel guests and invitees who are not African-American.

22.     As a result of Defendants' unlawful actions described above, Plaintiffs have suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to economic loss, humiliation, embarrassment, emotional distress, feelings of racial stigmatization, an increased sense of vulnerability, and unlawful deprivation of their federally protected rights to exercise and enjoy equal treatment in the making and enforcing of contracts in places of public accommodation and having full access to and enjoyment of places of public accommodation without regard for race and/or color.

23.     This was not an isolated incident. There is a history of similar incidents involving African-American guests and invitees at Hilton and Hilton franchise hotels throughout the United States, continuing up to and indeed beyond the time of the Corbetts' incident. Hilton's employees, agents and apparent agents use security guards and local police to challenge and remove African-

5

American guests from Hilton and Hilton franchise properties.  Similarly situated white guests and invitees on Hilton and Hilton franchise properties were not treated in a similar manner.

24.     Pursuant to an agreement, Hilton furnishes a reservation service that Patco is required to participate in and use.

25.     Pursuant to an agreement, Hilton specifies required training for Patco and Patco's employees, including Patco's front desk employees.

26.     Hilton provides national advertising for Patco and the advertisements do not distinguish between Hilton and Patco.

27.     Hilton provides a national reservation service for Patco.  The reservation service does not distinguish between Hilton and Patco.  The reservation service represents the Hotel as a Hilton hotel.

28.     Hilton administers a quality assurance program that includes inspections to ensure that Patco and its employees comply with Hilton's "System."  The "System" includes access to a reservations system; advertising, publicity, and other marketing programs and materials; training programs and materials, standards, specifications and policies for construction, furnishing, operation, appearance and service of the Hotel.  Hilton has the sole option to add, modify, alter, or delete elements of the System.

29.     All Hotel management companies and/or personnel must be approved by Hilton.

## COUNT I – UNLAWFUL DISCRIMINATION – 42 U.S.C. § 1981

30.     Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

31.     By discriminating against Plaintiffs on the basis of their race, Defendants have denied Plaintiffs the same right to enjoy the benefits, privileges, terms, and conditions of contract

as is, and was, enjoyed by white citizens, in violation of Plaintiffs' rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## JURY DEMAND

32.    Plaintiffs demand that all matters not suitable for determination by the Court be decided by a jury of their peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that the Court grant the following relief:

33.    Enter a declaratory judgment finding that the foregoing actions of the Defendants violate the Civil Rights Act of 1866, 42 U.S.C. § 1981;

34.    Award compensatory damages to Plaintiffs in an amount to be determined by a jury that would fully compensate Plaintiffs for economic loss, humiliation, embarrassment, and emotional distress caused by Defendants' unconstitutional and tortious conduct as set forth in Counts I-II.

35.    Award punitive damages to Plaintiffs in an amount to be determined by the jury that would punish Defendants for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future.

36.    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1981;

37.    Order such other relief as this Court deems just and equitable.

*\*\*\*Signature of Counsel on Following Page\*\*\**

7

Date: December 7, 2020

Respectfully Submitted,

**/s/ Cheyenne N. Chambers**
Cheyenne N. Chambers (N.C. Bar #48699)
TIN, FULTON, WALKER & OWEN, PLLC
301 East Park Avenue
Charlotte, NC 28203
Tel.: 704-338-1220
Fax: 704-338-1312
E-mail: cchambers@tinfulton.com

*and*

KAFOURY & MCDOUGAL
Mark McDougal, OSB # 890869
Jason Kafoury, OSB # 091200
411 SW Second Ave., Ste. 200
Portland OR 97204
Telephone: (503) 224-2647
Facsimile: (503) 224-2673
mcdougal@kafourymcdougal.com
jkafoury@kafourymcdougal.com

*Attorneys for Delores Corbett and Alvin*
*Corbett, special appearance pursuant to*
*Local Civil Rule 83.1(d)  (notice of special*
*appearance forthcoming)*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, I electronically filed the foregoing Second Amended Complaint with the Clerk of Court by using the CM/ECF system.  All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Date: December 7, 2020                                        **<u>/s/ Cheyenne N. Chambers</u>**